IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSS JAMES MACANAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KILOLO KIJAKAZI,<br><br>　　　　Defendant. | CIV. NO. 21-00049 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(B) FEES |

**FINDINGS AND RECOMMENDATION TO**
**GRANT PETITION FOR 406(B) FEES**

On November 7, 2023, Plaintiff Ross Macanas's ("Plaintiff") attorney, Danielle Beaver ("Counsel"), filed a *Petition for 406(b) Fees* ("Fee Motion") pursuant to the Social Security Act, 42 U.S.C. § 406(b).  ECF No. 26.  Counsel requests attorney's fees in the amount of $13,934.25 for representing Plaintiff in this action.  *Id*. at PageID.2070.

The Court elects to decide the *Fee Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*.  After careful consideration of the *Fee Motion*, parties' submissions, record in this case and applicable law, the Court **FINDS** reasonable

attorney's fees should be awarded in this case and **RECOMMENDS** that the *Fee Motion* be **GRANTED** in the amount of **$13,934.25**.

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act alleging that he became unable to work on May 25, 2017. ECF No. 26 at PageID.2071. Plaintiff's application was denied on January 22, 2019, and Plaintiff's request for reconsideration was also denied on July 23, 2019. ECF No. 1 at PageID.2. Plaintiff subsequently requested an administrative law hearing on the application on September 4, 2019. *Id*.

On July 2, 2020, an administrative law hearing was held before Administrative Law Judge ("ALJ"). *Id*. at 3. The ALJ denied the application in part and found that Plaintiff had been disabled as of November 14, 2019, instead of May 25, 2017. *Id*. Plaintiff appealed this decision to the Appeals Counsel, but the Appeals Counsel denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. *Id*.

On January 19, 2021, Plaintiff commenced this civil action under 42 U.S.C. § 405(g) with the representation of Counsel. ECF No. 1. When Plaintiff and Counsel entered into an attorney-client relationship, they entered into a contingency fee agreement. ECF No. 26 at PageID.2072. They agreed that Counsel's fees would be 25 percent of past-due benefits due to Plaintiff from a favorable disability

claim. *Id*. On November 12, 2021, Plaintiff filed an opening brief. ECF No. 19. On February 18, 2022, the parties filed a *Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment*. ECF No. 22. On February 18, 2022, the district court issued an *Order for Voluntary Remand* (ECF No. 23), and *Judgment* (ECF No. 24) was entered on that same day. On June 12, 2023, a second administrative hearing was held, and Plaintiff received a favorable hearing decision which granted his 2017 application for benefits in full. ECF No. 26 at PageID.2072.

On August 19, 2023, Counsel received a *Notice of Change in Benefits* ("Notice") informing Plaintiff that he was entitled to retroactive benefits in the amount of $47,486.75. *Id*. at 2072-73; ECF No. 26-5. Counsel filed the instant *Fee Motion* on November 7, 2023. ECF No. 26. Counsel informed the Social Security office of this *Fee Motion*. *Id.* at 2073. On November 8, 2023, Plaintiff filed a declaration in support of the *Fee Motion*. ECF No. 27.

On November 30, 2023, the Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Defendant"), filed a *Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(b)* ("Response"). ECF No. 28. The Defendant claims it neither supports nor opposes Counsel's fee request. *Id*. at PageID.2099. However, the Defendant requests that the Court specifically indicate that any fee request it approves should be paid out of Plaintiff's past-due benefits.

3

*Id*. at 2100.  The Defendant urges this Court to find that "if the withheld benefits in the Commissioner's possession are 'insufficient to satisfy the amount of fees determined reasonable by this court, the attorney must look to the claimant, not the past due benefits, to recover the difference[.]'"  *Id*. at 2101 (quoting *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008)).  The Defendant also requests that the Court direct Counsel to reimburse Plaintiff any fees previously received under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 28 at PageID.2101-2102.

On December 14, 2023, Counsel filed a *Reply to Defendant's [Response]*. ECF No. 29.  Counsel argues, *inter alia*, that if the Commissioner withholds 25% of the past due benefits for the payment of fees, the Commissioner has a duty to pay the fee from the amount withheld from the past due benefits.  *Id*. at PageID.2105.  Counsel claims that the Defendant's request creates a "new policy" that effectively seeks to change the long-held practice that 406(b) fees were paid from withheld funds held.  *Id*. at 2110.  In short, Counsel argues that Defendant's proposition inappropriately relieves the Defendant from the obligation of paying the fees from the past due benefits withheld.  *Id*. at 2107-2108.

## **DISCUSSION**

The Court is required to determine the reasonableness of the requested fee despite the fact that the Defendant states that it neither supports nor opposes the

*Fee Motion*. "[Section] 406(b) calls for court review of such [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Under Section 406(b),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "Because the [Social Security Administration ("SSA")] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). The Court's assessment of the reasonableness of the attorney fees sought begins with the fee agreement. *Id.*

   I.   **Contingent-Fee Arrangement**

The Court turns to the contingency fee agreement. Counsel provided a copy of the contingency fee agreement made between Counsel and Plaintiff in June

5

2021. ECF No. 26-3 (*Attorney Fee Agreement* ("*Agreement*")). The *Agreement* states in relevant part:

> I agree that if SSA favorably decides my claim at the Appeals Council level, or at the ALJ hearing level after a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25% of all past due benefits in my Social Security and/or SSI disability claims. This may be in addition to any fee charged and received for representation in front of the Social Security Administration, which will also be up to 25% of all back benefits awarded in my case.

*Id*. The *Agreement* appears to be a valid contract. According to the *Agreement*, Plaintiff clearly agreed that should Plaintiff receive a favorable decision at or after the Appeals Council level or a favorable decision by the Federal Court, Counsel would receive attorney fees amounting to 25% of all past-due benefits. The Court thus finds that there is a valid contingency fee agreement in place that provides for the attorney fees requested in the *Fee Motion*.

## II.   **Reasonableness of the Fee Award**

The Court next determines whether the $13,934.25 in attorneys' fees requested is reasonable.

> Factors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases.

*Dulatre v. Astrue*, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw. Jan. 6, 2010) (citing *Gisbrecht*, 535 U.S. at 805 & 808). The court may also

reduce fees if, for example, the attorney is responsible for delays such that "the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808. Similarly, if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id*.

A. Risk of Loss

Counsel argues that the risk of loss is substantial for attorneys representing Social Security disability claimants. ECF No. 26 at PageID.2080. The Court agrees in that the *Agreement* only provides for attorney fees if Plaintiff is awarded past-due benefits. In the event the case is unsuccessful, by entering into a contingency agreement, Counsel is assuming the risk of forgoing attorney fees despite the work performed. Accordingly, this factor tends to indicate that the requested fees are reasonable.

B. Character of the Representation and the Result Achieved

The Court shall next evaluate the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citation omitted). It appears that Plaintiff is satisfied with his representation. ECF No. 27. Plaintiff explains that Counsel fully prepared him for all stages of his case, "always answered [Plaintiff's] phone calls and emails[,] and explained things in ways [Plaintiff] could understand." *Id*. at PageID.2098. Further, as a result of Counsel's

representation, Plaintiff achieved great success when his 2017 application for benefits was granted in full. *See* ECF No. 26 at PageID.2072-73. Accordingly, the Court does not find that there is any basis to reduce the fee based on this factor.

### C. No Delays Attributable to Counsel

There is no evidence of unnecessary or prolonged delay or that Counsel deliberately caused a delay in this case such that Counsel would benefit from the accumulation of benefits during the pendency of the case. Accordingly, this factor does not indicate that the attorney fees requested are not reasonable.

### D. Hours Expended and Hourly Rate

Counsel seeks a total of $13,934.25 in attorneys' fees. Counsel explains that the attorney's fees sought are calculated by taking twenty-five percent of Plaintiff's past-due Social Security Disability Insurance ("SSDI") benefits ($15,795.25) and subtracting administrative level fees previously paid to counsel after the first administrative law judge hearing ($1,861.00), which equals $13,934.25 ($15,795.25 - $1,861.00 = $13,934.25). ECF No. 26 at PageID.2070-71.

Counsel has provided timekeeping for the work performed in this case. ECF No. 26-2. It appears that counsel performed a total of 29.1 hours of work and thus, if awarded the $13,934.25, the hourly rate for work performed in this case is approximately $478.84 per hour. *See id*. The Court also notes that as a result of

8

Counsel's representation, Plaintiff received "more than [$47,000.00][1] in past-due benefits, he has also become entitled to retro-active hospital insurance under Medicare, . . . [and] will receive almost $2,200 per month in disability benefits until he either reaches retirement age or is no longer disabled." ECF No. 26 at PageID.2076. Counsel notes that the value of the retro-active hospital insurance is not included within the over $47,000 in past-due benefits Plaintiff was awarded. ECF No. 26 at PageID.2076. Counsel also adds that a considerable amount of additional hours was expended representing Plaintiff during his administrative proceedings. *Id*.

The Court finds that the hourly rate of $478.84 per hour falls within the normal range of hourly rates for similar contingency cases. *See e.g.*, *Kava v. Kijakazi*, Civ. No. 20-00385 JAO-WRP, 2022 WL 15525001, at *3 (D. Haw. Oct. 12, 2022) (effective hourly rate of $737.92 for attorney's fees considered reasonable in the context of § 406(b)); *Howser v. Kijakazi*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2992420, at *2 (D. Haw. Mar. 28, 2023), *report and recommendation adopted*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2991112 (D. Haw. Apr. 18, 2023) (effective hourly rate of $404.46 for attorney's fees

---

[1] In the *Fee Motion*, Counsel incorrectly states that Plaintiff's "past-due benefits are a total of $63,181.00" and that Plaintiff "receive[d] more than $63,000 in past-due benefits." *Compare* ECF No. 26 at PageID.2076 *with* ECF No. 26 at PageID.2072-73 *and* ECF No. 26-5.

9

considered reasonable in the context of § 406(b)). Based on the work performed and relief obtained, the Court cannot find that there is any basis for the reduction of fees. Accordingly, the Court finds that Counsel's fee request is reasonable.

E.     Defendant's Requests

Although the Defendant does not oppose the reasonableness of the fees, the Defendant asks this Court to (1) direct Counsel to reimburse Plaintiff for any fees previously received under EAJA (ECF No. 28 at PageID.2101-2102); and (2) omit any language in this order that directs the Commissioner to "pay" any section 406(b) award of fees to Counsel (ECF No. 28 at PageID.2100).

1. EAJA Fees

The Court addresses the Defendant's first request. When filing the *Fee Motion*, Counsel included a declaration stating that Counsel declares under penalty of perjury that "[t]here were no EAJA fees awarded in this case." ECF No. 26-4 at PageID.2091. It appears that the Defendant merely speculates that Counsel may have previously received EAJA fees. ECF No. 28 at PageID.2101-2102. Nevertheless, because the law is clear on Counsel's obligations if both EAJA fees and section 406(b) fees are awarded, Counsel must refund the smaller fee to Plaintiff. *Gisbrecht*, 535 U.S. at 796 (If attorney fees are awarded under both EAJA and section 406(b), the claimant's attorney must refund the smaller fee to the claimant.) (citation omitted).

10

## 2. Payment of Section 406(b) Fees

Turning to the Defendant's second request, the Court notes that the Defendant mischaracterizes *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008) ("Wrenn"), in its *Response*. In doing so, the Defendant requests that the Court decline to use language directing the Commissioner to "pay" the award. The Defendant states:

> Ultimately, "Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's" *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016), and if the withheld benefits in the Commissioner's possession are "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference," *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

ECF No. 28 at PageID.2101. The Defendant explains that "[t]he Commissioner withholds, at most, 25 percent of a claimant's past-due benefits for possible payment of authorized fee awards." *Id*. The Defendant states that the benefits withheld from cases are held in a single pool, from which the Commissioner pays awards under sections 406(a) and 406(b). *Id*. The Defendant claims that because awards are paid out in the order received, in a first-come, first-served basis, the amount available to pay any single award is "subject to change." *Id*. Thus, the Defendant seemingly appears to argue that the Commissioner's payment of a fee award under section 406(b) is contingent upon how much funds are remaining in the pool of funds received, and that this amount is subject to change as fee awards

11

in various cases are paid out on a first-come, first-served basis. Therefore, the Defendant argues, the Court should not direct the Commissioner to "pay" the fee award.

     In *Wrenn*, the Tenth Circuit states:

> In order to protect an attorney from non-payment at the agency and/or court level, the Commissioner may withhold up to 25% of the past-due benefits awarded to pay directly to the attorney. *See* 42 U.S.C. § 406(a)(4) and (b)(1)(A). **If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.** At that point the attorney stands on the same level as other judgment creditors in attempting to collect.

*Wrenn*, 525 F.3d at 933 (emphasis added). It is clear that the Commissioner withholds 25 percent of past-due benefits awarded and pays fees awarded directly to the attorney from the 25 percent of past-due benefits withheld. Pursuant to section 406(b), any attorney fees awarded should not exceed 25 percent of the total past-due benefits. 42 U.S.C. § 406(b). Based on the bolded language in the quoted passage above, the Tenth Circuit is cautioning that only if the amount withheld by the Commissioner is not enough to pay the fee award, the attorney may not seek the remaining amount from the claimant's past-due benefits. The attorney must recover the difference from the claimant in the same manner as a judgment creditor.

     The Defendant, however, only quoted a portion of the passage quoted above. The underlined language in the passage above is the language the Defendant cited

12

in its *Response*.  The Defendant used this language to argue that the Commissioner should not be held responsible to pay any portion of the 25 percent of past-due benefits withheld in a particular case if the Commissioner is deficient in funds due to paying out fees in other cases.  Nowhere in *Wren* does the Tenth Circuit authorize the Commissioner to deny payment of section 406(b) fees to an attorney from the 25 percent of past-due benefits withheld in a particular case because the Commissioner paid out such funds in other cases and is thus lacking funds.  Such an act would run contrary to the purpose of the statute to "protect an attorney from non-payment at the agency and/or court level[.]"  *Wrenn*, 525 F.3d at 933.  Accordingly, the Court cannot find that the Commissioner should not be directed to pay the fees awarded to Counsel if the amount awarded is within 25 percent of the past-due benefits withheld by the Commissioner for the purpose of paying any section 406(b) attorney fees awarded.

In this case, there is no indication, and neither Counsel nor the Defendant claim that the fee award recommended will exceed the amount the Commissioner withheld from Plaintiff's past-due benefits.  Counsel has indicated that

> [Counsel] received the original SSA Notice of Change in Benefits for [Plaintiff] around August 2023 and it stated that he was due a total past-due benefits as a result of this case would be $47,486.75.  (Ex. B).[2]  Twenty-five percent of that is $25,795.25.

---

[2] The Court notes that Counsel cites the wrong exhibit.  The *Notice* is filed as Exhibit A (ECF No. 26-5 at PageID.2093) and not Exhibit B.

ECF No. 26-4 at PageID.2090.  Here, Counsel incorrectly states that the Commissioner withheld $25,795.25 from Plaintiff's past-due benefits.  *Id*.  The *Notice* states that the Commissioner "withheld $15,795.25 from your past due benefits in case we need to pay your representative."  ECF No. 26-5 at PageID.2093.  Despite Counsel's error, the amount of attorney fees this Court finds to be reasonable, $13,934.25, does not exceed the $15,795.25 withheld pursuant to the *Notice*.  However, the Court notes that the amount the *Notice* claims to have withheld ($15,795.25) exceeds the Court's calculation of 25 percent of Plaintiff's past-due benefits ($47,486.75 x 25% = $11,871.69).  Nevertheless, the Defendant has not claimed that there were any errors in the *Notice* and did not object to Plaintiff's argument that $13,934.25 is within the amount withheld by the Commissioner.  Moreover, as quoted earlier, the *Notice* itself states that the Commissioner is to pay Counsel.  ECF No. 26-5 at PageID.2093 ("We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee . . . [the money withheld] is need[ed] to pay your representative).  The Court thus recommends that the district court deny the Defendant's request that the Court decline from directing the Commissioner to "pay" Counsel's attorney fees.  This Court's recommendation is based on the information provided by the parties that indicate that the amount of fees awarded in

this Case does not exceed twenty-five percent of Plaintiff's past-due benefits that the Commissioner previously withheld.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that the fees in the amount of $13,934.25 is reasonable and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*. The Court **RECOMMENDS** that the district court (1) award Counsel $13,934.25 to be paid out of the sums previously withheld by the Commissioner, and (2) order Counsel to reimburse Plaintiff for EAJA fees previously awarded, if any.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 30, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00049 JMS-RT; *Ross James Macanas vs. Kilolo Kijakazi*; Findings and Recommendation to Grant Petition for 406(B) Fees